# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | |
|---|---|
| TRACY KNEEBUSH, and VENUS KNEEBUSH,<br><br>Plaintiffs,<br><br>v.<br><br>SERVBANK, SB, INC.; EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>Defendants. | Case No. 3:25-cv-00304-CEA-DCP |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## MOTION TO MODIFY THE SCHEDULING ORDER

Defendant Experian Information Solutions, Inc. ("Experian") respectfully moves under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order (Doc. 46) by extending five deadlines by thirty days, as shown below. The other Defendants in this proceeding consent to Experian's request. Plaintiffs have consented to Experian's request to extend the expert disclosure and final witness list deadlines but have not yet provided their position with respect to extending the remaining deadlines. (*See* Certificate of Consultation, below).

### A. Background

The Court entered the Scheduling Order on January 8, 2026. Doc. 46. No deadline in that Order has previously been modified. Experian now requests that the Court modify five deadlines as follows.

1

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Defendants' expert disclosures (Rule 26(a)(2)) | July 14, 2026 | Aug. 13, 2026 |
| Final witness list (Rule 26(a)(3)(A)(i)) | July 28, 2026 | Aug. 27, 2026 |
| Close of all discovery | Aug. 25, 2026 | Sept. 24, 2026 |
| Dispositive motions (Rules 12 & 56) | Sept. 22, 2026 | Oct. 22, 2026 |
| Motions to exclude expert testimony (*Daubert*; Fed. R. Evid. 702) | Sept. 22, 2026 | Oct. 22, 2026 |

The remaining deadlines in the Scheduling Order are unaffected by this request and will proceed as originally set:

| Deadline / Event | Date (Unchanged) |
|---|---|
| Pretrial disclosures (Rule 26(a)(3)(A)(ii)–(iii)) | Jan. 12, 2027 |
| Motions in limine | Jan. 19, 2027 |
| Joint proposed jury instructions | Feb. 9, 2027 |
| Final pretrial conference | Feb. 16, 2027 |
| Trial | Mar. 2, 2027 |

### B. Good cause supports Experian's requested extension

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here. Experian recently retained the undersigned as successor counsel. Undersigned counsel is still in the process of obtaining the case files and other materials from prior counsel and once those are received, undersigned counsel will require a reasonable opportunity to review the record and determine whether expert testimony is necessary before the current deadlines arrive. Experian filed this motion promptly after the substitution and before any affected deadline has passed. The requested extension is modest—a single thirty-day adjustment—and is Experian's first. No party will be prejudiced, indeed the other Defendants consent to Experian's request and Plaintiffs have expressly consented to Experian's request for a

2

thirty-day extension of the expert disclosure and final witness list deadlines. The thirty-day adjustment will not delay the ultimate resolution of this case.

In addition to the good-cause showing set forth above, Experian is mindful that the Scheduling Order and this Court's stated practices provide that, "[a]bsent extraordinary circumstances, the dispositive motion deadline will not be extended." Doc. 46 § 6(b). That heightened standard is independently satisfied here. The Court sequenced its schedule so that the dispositive-motion deadline (September 22, 2026) falls roughly four weeks after the close of discovery (August 25, 2026), affording the parties time to prepare and file dispositive motions on a complete record. Extending the discovery deadline to September 24, 2026, without a corresponding adjustment to the dispositive-motion deadline would invert that sequence—requiring dispositive motions two days before discovery closes and effectively eliminating any meaningful opportunity to seek dispositive relief on a full record. A thirty-day extension of the dispositive-motion deadline preserves the same four-week interval the Court originally set. The same logic applies to the Daubert deadline, which likewise depends on the completion of expert discovery. The requested modification thus maintains the structure of the Court's schedule without affecting the final pretrial conference or trial date.

### C. Conclusion

For these reasons, Experian respectfully requests that the Court modify the Scheduling Order as set out in the table above, extending the five identified deadlines by thirty days each.

Dated: July 2, 2026

Respectfully Submitted,

GOODWIN PROCTER LLP

<u>/s/ Matthew R. Ginther</u>
Matthew Ginther (BPR # 36377)
MGinther@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street NW
Washington, District of Columbia
Telephone: +1 202 346 4000

W. Ryan Klima (*Pro Hac Vice* forthcoming)
rklima@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street NW
Washington, District of Columbia
Telephone: +1 202 346 4000

*Counsel for Defendant Experian*
*Information Solutions, Inc.*

4

**CERTIFICATE OF CONSULTATION**

In advance of filing this motion, counsel for Experian attempted to confer with counsel for the other parties regarding their position on Experian's request. Counsel for Experian initially inquired only with respect to Experian's request for an extension of the expert disclosure and final witness list deadlines, to which all parties consented. Counsel for Experian subsequently inquired regarding Experian's request to also extend the close of discovery, dispositive motion, and Daubert motion deadlines. While counsel for Experian was able to obtain the consent of the other Defendants to this broader request, counsel was unable to obtain the position of Plaintiffs' counsel despite multiple attempts, likely as a result of the federal holiday.

/s/ Matthew R. Ginther
Counsel for Experian Information Solutions, Inc.

5